THOMAS E. KRUG, Respondent, v JANET M. KRUG, Appellant. (Action No. 1.) JANET M. (TINA) KRUG, Appellant, v THOMAS E. KRUG, Respondent. (Action No. 2.) JANET M. KRUG, Appellant, v THOMAS E. KRUG, Respondent. NED A. SMITH, Respondent, v JANET M. SMITH, Appellant. JOHN SIMON, Respondent, v JANET M. KRUG, Appellant. (Action No. 3.)

Janet Krug married Simon, had two children by him, and divorced him; then married Smith, divorced him, and had his child; then married Thomas Krug and had a daughter by him. Currently pending are cross complaints for divorce by Thomas and Janet Krug, as well as Simon's and Smith's applications for orders transferring custody of their respective children to them. In connection with those current proceedings, Janet retained the law firm of Moriarty & Condon, which previously had represented her in her divorce-custody litigation with Smith.

In the *Krug* divorce action, Thomas moved for an order disqualifying Moriarty & Condon from representing Janet. He averred that, during the course of the law firm's representation of Janet during the Smith proceeding, Thomas "substantially became the client of" attorney Robert Moriarty; that Thomas discussed many confidential matters and socialized with Moriarty; and that Thomas "substantially paid" Moriarty's bills for "legal services rendered by Mr. Moriarty on behalf of" Janet. Thomas argued that Moriarty's continued representation of Janet would result in a "breach of confidentiality and the appearance of impropriety", and he requested an order precluding Moriarty from representing Janet in the

divorce proceeding and directing her to obtain new counsel. In the separate custody proceeding, Smith joined in Thomas' request for disqualification, arguing that Thomas Krug had testified "at length" on Janet's behalf during the prior *Smith* proceeding, that Smith anticipated calling Thomas as a witness in Smith's current custody case, and that there would be an appearance of impropriety if Moriarty continued to represent Janet and was permitted to cross-examine Thomas in the *Smith* proceeding. Simon did not join in the request for disqualification, but merely noted in an attorney's affidavit that Moriarty was in a "conflict situation and should not properly represent Mrs. Krug".

Relying on *Forbush v Forbush (supra)*, the court precluded Moriarty & Condon from representing Janet Krug in the divorce action and the two custody proceedings.

We reverse. In our view, there is no conflict of interest or appearance of impropriety. It was not shown that Moriarty & Condon represented Thomas in any prior matter or proceeding *(cf., Forbush v Forbush, supra,* at 379). It is clear that the law firm previously represented Janet alone, and the fact that Thomas paid her legal fees in connection with that representation does not establish an attorney-client relationship between the law firm and him *(Matter of Priest v Hennessy,* 51 NY2d 62, 69-70). Further, any information obtained by the law firm from Thomas was not a confidential communication or a client secret in the absence of an attorney-client relationship between Thomas and the law firm *(Matter of Priest v Hennessy, supra,* at 68; Code of Professional Responsibility DR 4-101 [A]). There has been no showing that Thomas retained the law firm or consulted with it, as a potential client, for the purpose of obtaining legal advice or services *(Matter of Priest v Hennessy, supra,* at 68-69). Absent a prior confidential or professional relationship between the law firm and Thomas, there is no ground for disqualifying the law firm from taking a position adverse to Thomas in the divorce action, or from cross-examining him in the event that he is called as a witness in the separate custody proceedings.

We have considered the parties' remaining contentions and conclude that they are without merit. (Appeal from Order of Supreme Court, Erie County, Francis, J.—Disqualify Law Firm.) Present—Denman, P. J., Pine, Balio, Lawton and Davis, JJ.